UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 16 CR 475 |
| | ) | |
| TRACIE DICKEY | ) | Judge Sara L. Ellis |
| | ) | |

**GOVERNMENT'S MOTION
REGARDING VIDEO SENTENCING**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, Jr., United States Attorney for the Northern District of Illinois, respectfully requests that this Court hold a hearing, prior to defendant's rescheduled sentencing date, to make a record regarding defendant's consent to a sentencing by video in this matter and to advise her of the consequences of refusing to appear for sentencing. In support of this request, the government states as follows.

1. Defendant Tracie Dickey is detained at the MCC Chicago. She requested an in-person sentencing, and this Court set that sentencing for March 12, 2021. R.228.

2. On March 12, 2021, this Court reported to the parties that defendant refused to be transported to court for the sentencing. With the consent of defendant's attorneys, this Court ordered that the sentencing be rescheduled to April 5, 2021, by video. R.245.

1

3. Although Fed. R. Crim. P. 43 requires defendant's presence at sentencing, video sentencings are permissible pursuant to Section 15002(b)(2) of the CARES Act, and by this District Court's General Orders, the most recent of which is dated February 12, 2021. Consistent with Section 15002(b)(2) of the CARES Act, the Chief Judge's Order provides that "if a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing…for the felony plea or sentencing in that case."

4. Rule 43(c) permits sentencing *in absentia* when a defendant who voluntarily absents him or herself at sentencing. *See United States v. Velazquez*, 772 F.3d 788, 799 (7th Cir. 2014). In *Velasquez,* the Seventh Circuit held that an in-custody defendant can waive his or her right to be present at sentencing when, after having been advised that the sentencing would occur even if defendant failed to appear, the defendant refuses to be transported to court for the sentencing. 772 F.3d at 800.

5. A record has not yet been made of defendant's consent to video sentencing pursuant to the CARES Act and the General Order.

6. Should defendant indicate that she wishes to have an in-person sentencing, the government requests that she be advised that, pursuant to

Fed.R.Crim.P. 43(c), if she voluntarily absents herself from sentencing, this Court may determine that she will be sentenced in *absentia.*

7. In order to avoid the need to postpone defendant's sentencing, ensure that a clear record is made of defendant's consent to sentencing via video conferencing, and to advise her of potential consequences of voluntarily failing to appear at sentencing, the government requests that this Court hold a hearing regarding defendant's upcoming sentencing.

WHEREFORE, the government respectfully requests that this Court set a hearing, prior to defendant's sentencing date, so that a record may be made of defendant's consent to proceeding by video for her sentencing and so that defendant may be admonished as to the potential consequences of refusing to appear at sentencing.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ *Maureen E. Merin*
    MAUREEN E. MERIN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5300